# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9304 | **DATE** | 5/28/2003 |
| **CASE TITLE** | AMERICAN EMPLOYERS INSURANCE COMPANY vs THE CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 6/25/03 at 9:00 a.m. Enter Memorandum Order and Opinion. The City's motion to dismiss counts I and II of plaintiff's complaint is denied. Defendant City of Chicago's answer to be filed by 6/11/03. Parties to exchange Rule 26 disclosures by 6/18/03. Plaintiff's motion to consolidate is granted. Case no. 03 C 2104 which is pending on the calendar of Honorable Ronald Guzman is related to Case no. 02 C 9304.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 2 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

MAY 29 2003

AMERICAN EMPLOYERS INSURANCE )
COMPANY, as subrogee of )
SEVENTEENTH CHURCH OF CHRIST )
SCIENTISTS, )
)
      Plaintiff, )   No. 02 C 9304
)
v. )   Judge John W. Darrah
)
THE CITY OF CHICAGO and )
WALSH CONSTRUCTION COMPANY )
OF ILLINOIS, )
)
      Defendants. )

## MEMORANDUM ORDER AND OPINION

Plaintiff, American Employers Insurance Company ("American Employers"), a Massachusetts corporation, as subrogee of Seventeenth Church of Christ Scientists ("Seventeenth Church"), brought suit against Defendants, the City of Chicago ("the City") and Walsh Construction Company of Illinois ("Walsh"), alleging negligence and breach of warranty. Presently before the Court is the City's Motion to Dismiss Counts I and II against it.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the

10

parties.

At all relevant times, Seventeenth Church was the owner of the property and building located at 55 East Wacker Drive in Chicago. The basement level of that building is located off of Lower Wacker Drive. The City owned property adjacent to 55 E. Wacker, including the City's water system, part of which was located underground on Lower Wacker Drive. The City's Water Department was engaged in the maintenance, operation, testing, inspection, and supervision of the water system. Walsh, an Illinois corporation, was engaged in a construction project as a contractor for the City, including work on Upper and Lower Wacker Drive.

Prior to February 23, 2002, agents, servants, employees and/or subcontractors of Walsh and/or the City performed excavation work on the City's property adjacent to Seventeenth Church's property. As a result of this work, on or about February 23 or 24, 2002, the water main on the City's property burst, flooding Seventeenth Church's property, causing damage to Seventeenth Church in excess of $600,000.00.

At all relevant times, American Employers provided property insurance coverage to Seventeenth Church. Pursuant to the terms and conditions of the policy, American Employers has made and continues to make payments to Seventeenth Church for damages sustained as a result of the flooding, in an amount expected to exceed $600,000.00.

In its Motion to Dismiss, the City argued that Plaintiff cannot maintain its action as a subrogee because it has not paid its debt in full. In response, Plaintiff correctly observed that where a right of subrogation arises out of a contract, as it does here, it is the contract terms, and not common law principles of subrogation, which control. *See Capitol Indemnity Corp. v. Strike Zone, S.S.B. & B. Corp.*, 646 N.E.2d 310, 312 (Ill. App. Ct. 1995). The contract between Seventeenth

2

Church and American Employers allows American Employers to bring this suit as subrogee. Therefore, American Employers can maintain its action.

The City argues that it is immune under Section 3-102(a) of the Illinois Tort Immunity Act ("Act"), which provides:

> Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

745 Ill. Comp. Stat. 10/3-102(a).

Under the Act, local public entities are liable in tort on the same basis as private tortfeasors, unless a valid statute dealing with tort immunity imposes conditions on that liability. *Independent Trust Co. v. City of Chicago Dep't of Water*, 693 N.E.2d 459, 462 (Ill. App. Ct. 1998) (citing *Barnett v. Zion Park Dist.*, 665 N.E.2d 808 (Ill. 1996)). Accordingly, "as a general rule, municipal water providers are liable for their negligent conduct, unless their specific conduct is encompassed within a specific section of the Tort Immunity Act." *Independent Trust*, 693 N.E.2d at 462.

The City urges that section 3-102(a) of the Act limits the City's duty of care in maintaining its property exclusively to intended and permitted users of its property. However, Illinois courts have consistently applied section 3-102 to limit a local government entity's duty of care only with regard to users of its property who are neither permitted nor intended. *See, e.g., Boub v. Township of Wayne*, 704 N.E.2d 535 (Ill. 1998) (no duty to maintain a street in a safe condition for cyclists

3

where the street has no bicycle lane); *Vaughn v. City of W. Frankfurt*, 651 N.E.2d 1115 (Ill. 1995) (no duty to maintain a street in a safe condition for pedestrians who cross outside of crosswalks). However, where a local government entity has damaged a non-user's property, courts have not found immunity under the Tort Immunity Act. *See, e.g., Independent Trust*, 693 N.E.2d 459 (no immunity where a broken water pipe damaged adjacent private property); *C.D.L., Inc. v. E. Dundee Fire Protection Dist.*, 624 N.E.2d 5 (Ill. App. Ct. 1993) (no immunity where faulty brakes caused a fire truck to collide with a restaurant en route to a fire); *Anderson v. Sutter*, 458 N.E.2d 39 (Ill. App. Ct. 1983) (no immunity where flooding resulting from dam construction damaged private property).

Because Seventeenth Church was not a user of the City's property, the City's duty toward it is not limited by section 3-102(a) of the Tort Immunity Act. The City's motion to dismiss on this ground is, therefore, denied.

The City also argues that those portions of Plaintiff's Complaint alleging a negligent failure to supervise work on the water system are also barred by section 3-108 of the Tort Immunity Act, which provides that a local public entity or public employee can be held liable for negligent supervision only if its conduct is "willful and wanton". 745 Ill. Comp. Stat. 10/3-108. Construing the facts alleged in the Complaint in the light most favorable to the plaintiff, we cannot say that the alleged conduct does not, as a matter of law, rise to the level of "willful and wanton". Accordingly, Plaintiff should be given the benefit of discovery before dismissal on this ground is granted.

Finally, the City argues that Count II of the Plaintiff's Complaint, alleging breach of warranty, should be dismissed because the City has no warranties on the integrity of its infrastructure. Plaintiff's Complaint alleges:

At all relevant times, the CITY expressly and/or impliedly warranted,

4

promised, and covenanted, in writing and/or by the operation of law, to...Seventeenth Church that the CITY's water system would be properly owned, operated, supervised, maintained, managed, inspected, tested, and controlled, and that any work performed by or on behalf of the CITY on CITY property at or near the CITY's water system would be performed in a good and workmanlike manner, free from negligence and according to industry standards, so as to not cause damage to Seventeenth Church's property.

Plaintiff has stated a claim upon which relief may be granted, *i.e.*, the Seventeenth Church had written or implied agreements with the City which included expressed or implied warranties. That the City denies the existence of any such agreements and warranties is not before the Court at this stage of the proceedings. The City's Motion to Dismiss Count II is, therefore, denied.

For the reasons stated above, the City's Motion to Dismiss Counts I and II of Plaintiff's Complaint is denied.

Dated: 5-28-03

JOHN W. DARRAH
United States District Judge